IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CONNIE GUILLORY,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO. 4:21-cv-02411 |
| § | |
| **FAMILY DOLLAR STORES OF TEXAS,** § | Jury Demand |
| **LLC,** § | |
| § | |
| **Defendant.** § | |

**NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

**I.
COURT AND PARTY INFORMATION**

1.     FAMILY DOLLAR STORES OF TEXAS, LLC is the defendant in a civil action commenced on June 21, 2021 in the 133rd District Court of Harris County, Texas, entitled *Connie Guillory v. Family Dollar Stores of Texas, LLC*, Cause No. 2021-37115 ("State Court Action"). Copies of the (1) Plaintiff's Original Petition; (2) Return of Service to Family Dollar Stores of Texas, LLC; (3) Defendant's Original Answer; and (4) the Civil Docket Sheet are attached hereto and constitute all process, pleadings and orders served in the State Court Action. *See* Index of State Court Documents attached hereto. The address for the 133rd District Court of Harris County, Texas is as follows: Harris County Civil Courthouse, 201 Caroline, 11th Floor, Houston, Texas 77002.

2.     Plaintiff in the State Court Action is Connie Guillory ("Plaintiff"). Plaintiff is represented by Fernando R. Garza Resendez (Texas Bar No. 24107777) of Garza Resendez,

PLLC, 1900 W. Gray Street. #131015, Houston, Texas 77219, (956) 320-9021, fernando@gtriallaw.com. Family Dollar Stores of Texas, LLC ("Defendant" or "Family Dollar") is the defendant in the State Court Action and is represented by Kenneth C. Riney (Texas Bar No. 24046721) and Clayton S. Carter (Texas Bar No. 24120750) of Kane Russell Coleman Logan PC, 901 Main Street, Suite 5200, Dallas, Texas 75202, (214) 777-4200, kriney@krcl.com, ccarter@krcl.com.

## II.
## STATE COURT ACTION

3. Plaintiff claims that on or about June 10, 2020, she was injured while shopping at the Family Dollar Store #5534, which is located at 10425 Veterans Memorial Dr., Houston, Texas 77038, when she fell after stepping on an unidentified object on the floor.

4. Defendant requested a trial by jury in the State Court Action, and the jury fee has been paid.

## III.
## GROUNDS FOR REMOVAL

5. Defendant files this Notice of Removal on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a). A suit may be removed from state court to federal court on the grounds of diversity jurisdiction when the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Except as otherwise expressly provided by an Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Houston Division of the

Southern District of Texas is the United States district and division embracing Harris County, Texas, the county in which the State Court Action is pending.

**A.     This Notice of Removal is timely filed.**

7.     The citation and petition in this action were served on Defendant on June 25, 2021, by serving Defendant's registered agent. This Notice of Removal is filed within thirty (30) days of receipt of the citation and petition and is, therefore, timely filed pursuant to U.S.C. § 1446(b).

**B.     Complete diversity exists between the parties properly joined.**

8.     This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446. Complete diversity exists in this case because Plaintiff and Defendant are citizens of different states.

**(i)     Plaintiff**

9.     As stated in Plaintiff's Original Petition, Plaintiff is a resident of the State of Texas. Thus, Plaintiff is now, and was at the time this action commenced, a citizen of the State of Texas.

**(ii)    Defendant**

10.    Defendant is a foreign limited liability company whose sole member is Family Dollar Stores of Ohio, Inc., a foreign corporation formed under the laws of the Commonwealth of Virginia with its principal place of business in the Commonwealth of Virginia. Thus, Defendant Family Dollar is now and was at the time this action was commenced a citizen of the Commonwealth of Virginia and of no other state.

11.    As Plaintiff is a citizen of the State of Texas and not of the Commonwealth of

Virginia, complete diversity exists pursuant to 28 U.S.C. § 1332.

C. **The amount in controversy requirement is satisfied**.

12. As reflected in Plaintiff's Original Petition, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. Specifically, as explicitly stated in Plaintiff's Original Petition, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000. *See* Plaintiff's Original Petition, ¶ IV.5. Therefore, the estimate of damages that has been put at issue in this action by Plaintiff and the amount in controversy in this action exceeds $75,000.

13. Removal of the State Court Action is proper pursuant to 28 U.S.C. § 1441, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332(a) because Plaintiff and Defendant are diverse in citizenship.

**WHEREFORE**, Defendant, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 133rd District Court, Harris County, Texas to this Court on this 23rd day of July, 2021.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Kenneth C. Riney*
Kenneth C. Riney
State Bar No. 24046721
SDOT No. 1143239
E-Mail: kriney@krcl.com
Clayton S. Carter
State Bar No. 24120750
SDOT No. 3667162
E-Mail: ccarter@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone:     (214) 777-4200
Facsimile:      (214) 777-4299

**ATTORNEYS FOR DEFENDANT
FAMILY DOLLAR STORES OF TEXAS, LLC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 23rd day of July, 2021, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for Plaintiff by operation of the Court's electronic filing system, unless counsel for Plaintiff is not registered with the CM/ECF system, in which case the undersigned certifies that a copy of the foregoing document was sent to counsel in accordance with the Federal Rules of Civil Procedure.

/s/ *Kenneth C. Riney*
Kenneth C. Riney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONNIE GUILLORY, § § Plaintiff, § § vs. § § § FAMILY DOLLAR STORES OF TEXAS, § LLC, § § Defendant. § | CIVIL ACTION NO. 4:21-cv-02411 Jury Demand |

## INDEX OF STATE COURT DOCUMENTS

| | DOCUMENT | DATE |
|---|---|---|
| 1. | Plaintiff's Original Petition | 06/21/2021 |
| 2. | Return of Service on Defendant Family Dollar Stores of Texas, LLC | 06/29/2021 |
| 3. | Defendant Family Dollar Stores of Texas, LLC's Original Answer | 07/16/2021 |
| 4. | Civil Docket Sheet | |

Case 4:21-cv-02411   Document 1   Filed on 07/23/21 in TXSD   Page 7 of 18

6/21/2021 1:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54609138
By: Monica Jackson
Filed: 6/21/2021 1:45 PM

2021-37115 / Court: 133

CAUSE NO. _____

| | | |
|---|---|---|
| CONNIE GUILLORY | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS LLC | § | |
| | § | |
| DEFENDANT. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Connie Guillory (hereinafter "Plaintiff") and complains of Family dollar Stores of Texas, LLC, ("Defendant") and for cause of action would respectfully show that:

### I.
### NATURE OF ACTION

1. Plaintiff suffered injuries as a result of a slip and fall caused by Defendant's negligence.

### II.
### DISCOVERY LEVEL

2. Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### III.
### JURISDICTION AND VENUE

3. The claims asserted arise under the common law of Texas.

4. Venue is proper in Harris County because a substantial part of the acts or omissions giving rise to this claim occurred in Harris County, Texas.

## IV.
## STATEMENT REGARDING MONETARY RELIEF SOUGHT

5.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief for more than $250,000 but not more than $1,000,000.00. Discovery in this matter has just commenced and, therefore, Plaintiff cannot reliably state a maximum amount of damages she is seeking at this time and reserves her right to supplement in accordance with the Texas Rules of Civil Procedure.

## V.
## PARTIES

6.      Plaintiff is a resident of Harris County, Texas.

7.      Defendant Family Dollar Stores of Texas, LLC is a foreign, limited liability company. This Defendant may be served with process through its registered agent: Corporation service Company D/B/A CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.      To the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against it pursuant to the terms of Texas Rule of Civil Procedure 28, and Plaintiff demands that, upon answering this suit, each Defendant answer in its correct legal name and assumed name.

## VI.
## FACTS

9.      On or about June 10, 2020, Plaintiff was an invitee shopping inside Family Dollar Store #5534. As she was walking through the aisle, she fell when she stepped on an object that was on the floor. The object on the floor at Defendant's store constituted a hazardous condition which Defendant and/or its employees/agents were aware of or reasonably should have been aware of. As such, Defendant owed Plaintiff a duty to remedy the hazardous condition or warn Plaintiff of said hazard. No such action was taken by Defendant nor Defendant's

employee/agents proximately resulting in Plaintiff's incident and associated severe and permanent physical injuries.

## VII.
## CAUSES OF ACTION

### A. *Negligence and Gross Negligence – All Defendants*

10. Plaintiff repeats and realleges each allegation contained above.

11. Defendant is liable to Plaintiff under the theory of premises liability, negligence, gross negligence, and negligence *per se* based on the following negligent conduct:

   a. Failed to adequately warn Plaintiff of an unreasonably dangerous condition upon the premises;

   b. Failed to make the unreasonably dangerous condition upon the premises reasonably safe;

   c. Negligently hired and/or retained their employees, including maintenance and clean-up staff;

   d. Negligently trained and/or supervised their employees;

   e. Failed to perform routine maintenance and safety inspections; and

   f. Other acts so deemed negligent and grossly negligent.

12. The particular acts or omissions constituting negligence and gross negligence listed above, were committed by Defendant and/or its agents, servants, and employees within the course and scope of their employment. As such Defendant is liable for its agents', servants', and employees' negligent acts and omissions under the doctrine of *respondeat* superior.

## VIII.
## DAMAGES

13. As a direct and proximate result of the negligence and gross negligence of Defendant, Plaintiff sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiff will show that she has also sustained pain and suffering, physical impairment, mental anguish disfigurement, and loss of enjoyment of life, and that in all reasonable probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate cause of Defendant's negligence and gross negligence. Plaintiff has incurred and within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with her injuries.

14. Defendant's conduct, when viewed from a standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant's conduct demonstrates not only at attitude of conscious indifference to the rights, safety, and welfare of others, but shows Defendant's actual and subjective awareness of the dangers of their conduct. Defendant proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. Defendant is therefore liable for exemplary damages.

## RULE 193.7 NOTICE

15. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## IX.
## REQUEST FOR JURY TRIAL

16. Plaintiff respectfully demands a jury trial and tenders the appropriate fee with this petition.

## X.
## PRAYER

17. For the reasons set forth herein, Plaintiff prays that this Court cite Defendant to appear and answer herein and that Plaintiff have judgment taken against Defendant and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, punitive damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled to, but not limited to:

- Past and future medical damages;
- Past and future physical pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Costs of Court;
- Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GARZA RESENDEZ, PLLC

*/s/ Fernando R. Garza Resendez*
Fernando R. Garza Resendez
State Bar No. 24107777
1900 W. Gray St. #131015
Houston, Texas 77219
Telephone: (956) 320-9021
Facsimile: (956) 265-1110
E-mail: fernando@grtriallaw.com
www.grtriallaw.com

**ATTORNEY FOR PLAINTIFF**

Page 5 of 5

6/29/2021 9:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54873477
By: Keeley Hodgins
Filed: 6/29/2021 9:53 AM

CAUSE NUMBER: 2021-37115

| | |
|---|---|
| CONNIE GUILLORY<br>PLAINTIFF | |
| VS. | IN THE 133RD JUDICIAL DISTRICT<br>COURT OF HARRIS COUNTY, TEXAS |
| FAMILY DOLLAR STORES OF TEXAS, LLC<br>DEFENDANT | |

## RETURN OF SERVICE

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Tuesday June 22, 2021 AT 12:41 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION**, came to hand for service upon **FAMILY DOLLAR STORES OF TEXAS, LLC BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY**.

On **Friday June 25, 2021** at **12:20 PM -** The above named documents were hand delivered to: **FAMILY DOLLAR STORES OF TEXAS, LLC BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY** @ **211 E. 7TH STREET, SUITE 620**, **AUSTIN**, **TX 78701**, **in Person.** By delivering to Samantha Guerra, designated agent.

**FURTHER AFFIANT SAYETH NOT.**

| | |
|---|---|
| STATE OF TEXAS | DECLARATION |

"My name is **D'ANN WATHEN,** my date of birth is 12/21/1971 my business address is **1320 QUITMAN STREET, HOUSTON, TX  77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Harris County, State of Texas on Tuesday June 29, 2021**

| | |
|---|---|
|  /s/D'ANN WATHEN | PSC#6622 EXP. 06/30/21 |
| Declarant | Appointed in accordance with State Statutes |

2021.06.569544

Case 4:21-cv-02411   Document 1   Filed on 07/23/21 in TXSD   Page 13 of 18

7/16/2021 9:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55413787
By: Iliana Perez
Filed: 7/16/2021 9:51 AM

CAUSE NO. 2021-37115

| | | |
|---|---|---|
| CONNIE GUILLORY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | 133RD JUDICIAL DISTRICT |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S ORIGINAL ANSWER

COMES NOW FAMILY DOLLAR STORES OF TEXAS, LLC ("Defendant Family Dollar") and files this, its Original Answer and, in support thereof, would show the Court as follows:

### I.
### GENERAL DENIAL

Defendant Family Dollar places in issue all matters contained in Plaintiff's Original Petition and any amendments thereto, by general denial, pursuant to Rule 92 of the Texas Rules of Civil Procedure.

### II.
### JURY DEMAND

Defendant Family Dollar respectfully demands a trial by jury.

### III.

Defendant Family Dollar asserts that in accordance with Section 33.013 of the Texas Civil Practice & Remedies Code, this Defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of this Defendant when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

### IV.

Defendant Family Dollar alleges that Plaintiff's claims for damages are barred in whole or in part, due to her failure to mitigate damages.

### V.

Defendant Family Dollar invokes the limitation on liability for medical or health care expenses as provided by section 41.0105 of the Texas Civil Practice and Remedies Code. Specifically, Plaintiff is limited to recovery of medical or health care expenses actually paid or incurred by or on behalf of Plaintiff, not to include amounts adjusted, discounted or written-off.

### VI.

Defendant Family Dollar asserts that Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law, pursuant to section 18.091 of the Texas Civil Practice and Remedies Code.

### VII.

Defendant Family Dollar hereby invokes its entitlement to all definitions, instructions, defenses and limitations provided by Chapter 41 of the Texas Civil Practice and Remedies Code, including but not limited to, sections 41.003, 41.004, 41.005, 41.006, 41.007, 41.008, 41.009 and 41.012.

### VIII.

Defendant Family Dollar denies any alleged act or omission under the circumstances herein justify any claim for exemplary or punitive damages.  Such claims as against Defendant Family Dollar are in violation of the 5th and 14th Amendments to the United States Constitution, and Article 1, sections 3 and 19 of the Texas Constitution, in that such claims as made are

arbitrary, unreasonable, and in violation of Defendant Family Dollar's rights to due process and equal protection of the law. Plaintiff's claims are unconstitutionally vague to the extent that any claims of Plaintiff against Defendant Family Dollar should be proven beyond a reasonable doubt under the 6th Amendment of the United States Constitution, as opposed to a mere clear and convincing evidence. Defendant Family Dollar further asserts that any claim for punitive damages in a civil matter constitutes an excessive fine in violation of the 8th Amendment to the United States Constitution.

**IX.**

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant Family Dollar hereby places the parties to this suit on notice of its intent to use all documents produced by the parties in response to written discovery in all pretrial proceedings and/or at trial of the above-entitled and numbered cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Family Dollar prays that Plaintiff take nothing by her suit, that Defendant Family Dollar recover all costs, and for such other and further relief to which Defendant Family Dollar may show itself to be justly entitled, both at law and in equity.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Kenneth C. Riney*
Kenneth C. Riney
State Bar No. 24046721
E-Mail: kriney@krcl.com
Clayton S. Carter
State Bar No. 24120750
E-Mail: ccarter@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone:  (214) 777-4200
Facsimile:  (214) 777-4299

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of foregoing has been served on the 16th day of July 2021, as follows:

*VIA E-MAIL: fernando@grtriallaw.com*
Fernando R. Garza Resendez
GARZA RESENDEZ, PLLC
1900 W. Gary Street, #131015
Houston, TX 77219

*/s/ Kenneth C. Riney*
Kenneth C. Riney

HCDistrictclerk.com	GUILLORY, CONNIE vs. FAMILY DOLLAR STORES OF TEXAS LLC	7/23/2021

Cause: 202137115     CDI: 7     Court: 133

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| **File Date** | 6/21/2021 |
| **Case (Cause) Location** | |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | Premises |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | 7/16/2021 |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| **Court** | 133rd |
| **Address** | 201 CAROLINE (Floor: 11) HOUSTON, TX 77002 Phone:7133686200 |
| **JudgeName** | JACLANEL M. MCFARLAND |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| GUILLORY, CONNIE | PLAINTIFF - CIVIL | | GARZA RESENDEZ, FERNANDO R. |
| FAMILY DOLLAR STORES OF TEXAS LLC | DEFENDANT - CIVIL | | RINEY, KENNETH CHARLES |
| FAMILY DOLLAR STORES OF TEXAS LLC MAY BE SERVED THROUGH ITS | REGISTERED AGENT | | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 7/16/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 7/16/2021 | ANSWER ORIGINAL PETITION | | | 0 | | RINEY, KENNETH CHARLES | FAMILY DOLLAR STORES OF TEXAS LLC |
| 7/16/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 6/21/2021 | ORIGINAL PETITION | | | 0 | | GARZA RESENDEZ, FERNANDO R. | GUILLORY, CONNIE |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | FAMILY DOLLAR STORES OF TEXAS LLC MAY BE SERVED THROUGH ITS 211 E 7TH STREET SUITE 620 AUSTIN TX 78701 | 6/21/2021 | 6/21/2021 | 6/25/2021 | | | 73882446 | E-MAIL |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 96867126 | DEFENDANT FAMILY DOLLAR STORES OF TEXAS LLCS ORIGINAL ANSWER | | 07/16/2021 | 4 |
| 96580817 | Return of Service | | 06/29/2021 | 1 |
| 96447249 | Plaintiffs Original Petition | | 06/21/2021 | 5 |